UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DAVIS,

    Plaintiff,

v.

          CASE NO. 05-CV-71503-DT
          JUDGE MARIANNE O. BATTANI
          MAGISTRATE JUDGE PAUL KOMIVES

MICHIGAN DEPARTMENT OF
CORRECTIONS; BUREAU OF
HEALTH CARE SERVICES; C.
MURPHY, RN, MSP,; DR. AUSTIN;
DR. ANTONINI; and S. GREENE, RN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON:**
**DEFENDANT DR. ANTONINI'S MOTION TO DISMISS (docket #15);**
**DEFENDANT DR. AUSTIN'S MOTION TO DISMISS (docket #20);**
**DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, BUREAU OF**
**HEALTH CARE, AND SONYA GREENE'S MOTION TO DISMISS (docket #25); and**
**DEFENDANT CINDI MURPHY'S MOTION TO DISMISS (docket #30)**

I.    RECOMMENDATION: The Court should grant the defendants' motions to dismiss. With respect to the motions of defendants Antonini and Austin (docket #15 and #20), the court should dismiss plaintiff's claims against these defendants without prejudice based on plaintiff's failure to exhaust his administrative remedies. With respect to the remaining defendants (docket #25 and #30), the Court should dismiss plaintiff's claim with prejudice based on plaintiff's failure to state a claim upon which relief may be granted.

II.    REPORT:

A.    *Procedural Background*

        Plaintiff Joseph Davis is a state prisoner confined at the G. Robert Cotton Correctional Facility

in Jackson, Michigan. Plaintiff, proceeding *pro se*, commenced this action on April 18, 2005, filing a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have failed to properly treat his rheumatoid arthritis and a tumor. Defendants are: the Michigan Department of Corrections (MDOC); MDOC's Bureau of Health Care Services; Drs. Austin and Antonini; and Registered Nurses Murphy and Greene.

Currently pending are several motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6) filed by defendants. On June 15, 2005, defendant Antonini filed a motion to dismiss, arguing that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed a response to this motion on July 1, 2005. Plaintiff argues that he has fully exhausted his claims with respect to defendant Antonini. Defendant Antonini filed a reply on July 11, 2005.

Second, on June 23, 2005, defendant Austin filed a motion to dismiss, also arguing that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Defendant Austin also argues that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff filed a response to this motion on July 18, 2005, and defendant Austin filed a reply on July 21, 2005.

Third, defendants MDOC, Bureau of Health Care Services, and Greene filed a motion to dismiss on July 8, 2005. These defendants also argue that plaintiff has failed to exhaust his administrative remedies. Additionally, they argue that MDOC and the Bureau of Health Care Services are immune from suit, and that plaintiff has failed to state a claim against defendant Greene. Plaintiff filed a response to this motion on July 26, 2005.

Finally, on July 15, 2005, defendant Murphy filed a motion to dismiss. She, too, argues that plaintiff's claims are unexhausted and that, as to her, plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has not filed a response to this motion.

For the reasons that follow, the Court should conclude that plaintiff's claims are unexhausted. Therefore, the Court should grant defendants' motions to dismiss and should dismiss the case without prejudice to plaintiff refiling his claims after he has exhausted his administrative remedies.

B.  *Legal Standard*

C.  *Exhaustion*

    1.  *Exhaustion Generally and the Total Exhaustion Rule*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Under § 1997e(a), the prisoner bears the burden of demonstrating that administrative remedies have been exhausted. *See Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). As the Sixth Circuit has explained:

> A prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In Michigan, prisoners must follow

MDOC's three step grievance procedure by filing a grievance at Step I, and appealing the grievance to both Step II and Step III. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) (discussing MDOC Policy Directive 03.02.130). Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim" by explicitly alleging "mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Id*. at 574-75. Finally, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

In their motions, all of the defendants rely on the total exhaustion rule adopted by the Sixth Circuit in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006). In that case, the court held that, where a complaint raises both exhausted and unexhausted claims, a district court must dismiss the entire complaint without prejudice for failure to exhaust, rather than just dismissing the unexhausted claims. *See id*. at 805-09. There is some question as to the viability of the *Jones-Bey* holding. Judge Clay, dissenting in that case, concluded that the majority's holding contradicted the court's prior decision in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). Because one panel of the Sixth Circuit cannot overrule the prior decision of a previous panel, Judge Clay concluded that "the majority's decision constitutes a nullity to the extent that it conflicts with *Hartsfield*." *Jones-Bey*, 407 F.3d at 809 (Clay, J., concurring in part and dissenting in part). At least one district court has adopted this rationale and refused to apply the total exhaustion rule established in *Jones-Bey*. *See Garner v. Unknown Napel*, 374 F. Supp. 2d 582, 585 (W.D. Mich. 2005).

The Court need not wade into this dispute, however, because notwithstanding the total exhaustion rule of *Jones-Bey* the defendants are entitled to dismissal either on the merits or for failure to exhaust. As the *Jones-Bey* court itself noted, even under the total exhaustion rule a court may dismiss meritless claims with prejudice on that basis, and dismiss only the remaining claims without prejudice based on lack of exhaustion. *See Jones-Bey*, 407 F.3d at 807. As explained in part D, *infra*, plaintiff has failed to state a claim upon which relief may be granted against defendants MDOC, Bureau of Health Services, Greene, and Murphy. These defendants are therefore entitled to dismissal with prejudice under § 1997e(c)(2). Further, although plaintiff has at least arguably stated a claim for relief against defendants Antonini and Austin, as explained immediately below he has failed to exhaust these claims against these defendants. Accordingly, these defendants are entitled to dismissal without prejudice based on plaintiff's failure to exhaust.

        2.       *Plaintiff's Claims Against Defendants Antonini and Austin Are Unexhausted*

As explained above, to satisfy the exhaustion requirement a plaintiff must do two things: name each individual defendant in his Step I grievance, and pursue the grievance through all three steps of the MDOC grievance procedure. Here, plaintiff has failed to show that he complied with these requirements. With respect to Dr. Austin, the only grievance attached by plaintiff which names him is the Step I grievance filed on February 10, 2004. In his response to Dr. Austin's motion, plaintiff concedes that this grievance was not appealed to Steps II and III, but contends that this was because his Step I grievance was rejected as being duplicative of a prior Step I grievance. However, nothing in the MDOC grievance policy prohibited plaintiff from appealing this determination, and his failure to do so renders his claims against defendant Austin unexhausted. *See Smeltzer v. Hook*, 235 F. Supp. 2d 736, 741 (W.D. Mich. 2002) (claim which was dismissed at Step I as duplicative unexhausted

where plaintiff did not appeal to Steps II and III). Similarly, with respect to Dr. Antonini, there is nothing to indicate that any of the grievances which named him were appealed at Step II and Step III. Although plaintiff contends that he has exhausted his claims against Dr. Antonini at all steps, he has failed to support this claim with either copies of the grievances or particularized averments establishing the steps he took to exhaust his claims against Dr. Antonini, as required by *Brown v. Toombs* and its progeny. Accordingly, the Court should conclude that plaintiff has failed to demonstrate exhaustion of his administrative remedies with respect to these two defendants.

D.      *Merits of Plaintiff's Claims*

Plaintiff alleges that defendants exhibited deliberate indifference to his medical needs by failing to adequately treat his tumor and rheumatoid arthritis. Although plaintiff's complaint arguably states a claim for relief against defendants Antonini and Austin, the Court should conclude that plaintiff has failed to state a claim upon which relief may be granted with respect to the remaining defendants.

1.      *Defendants Antonini and Austin*

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense. In its application by the courts, the amendment actually protects a wide assortment of interests. It proscribes disproportionate punishments, *see Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop*

*v. Dulles*, 356 U.S. 86 (1958) (plurality opinion). *See generally, Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The amendment imposes affirmative duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Such claims must satisfy both an objective and a subjective test. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *See Brooks*, 39 F.3d at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *See McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure

of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

*Farmer*, 511 U.S. at 847. A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id.* at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *See id.* at 844-45.

Plaintiff's claims that defendants denied him medical care are governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle*, *supra*. In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims have a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e*, the objective prong of the Eighth Amendment analysis; and (2) if so, were the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth

Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Here, plaintiff alleges that he saw defendant Austin at the Mound Correctional Facility. According to plaintiff, defendant Austin confirmed that he had a tumor but concluded that it was not cancerous. Defendant Austin reached this conclusion without conducting any tests or x-rays. Plaintiff contends that defendant Austin refused his request to see a specialist.  Plaintiff also alleges that defendant Antonini has failed to treat his tumor, and that defendant Antonini has deliberately withheld plaintiff's medication for his rheumatoid arthritis.  Although defendants contend that plaintiff has alleged nothing more than a difference of medical opinion which is not actionable under the Eighth Amendment, at this stage of the proceedings the Court is limited to a consideration of the allegations in the complaint.  Those allegations establish that plaintiff's claims involve serious illnesses–a tumor and debilitating pain from rheumatoid arthritis–under the objective prong of the Eighth Amendment test.  Further, regardless of the ultimate merits of the issue, plaintiff has alleged that defendants were deliberately indifferent by wholly failing to treat his tumor, and that defendant Antonini has withheld his pain medication for the very purpose of causing plaintiff pain.  These allegations are sufficient to state a claim for relief under the Eighth Amendment.  Accordingly, defendants Antonini and Austin are entitled only to a dismissal without prejudice based on plaintiff's failure to exhaust, rather than a dismissal with prejudice on the merits.

        2.      *Defendants MDOC and Bureau of Health Care Services*

Defendants MDOC and Bureau of Health Care Services, however, are entitled to dismissal with prejudice on the merits of plaintiff's claims.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States  by Citizens of another State, or by

Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). This immunity is based on a two part presupposition: (1) each state is a sovereign entity; and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." THE FEDERALIST No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed. 1961); *see Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Hans*, 134 U.S. at 13. Thus, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also, Papasan v. Allain*, 478 U.S. 265, 276 (1986).

"Because the MDOC is a state agency and the State of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity." *Sims v. Michigan Dep't of Corrections*, 23 Fed. Appx. 214, 215 (6th Cir. 2001). The MDOC is immune from plaintiff's claims both for monetary damages and injunctive relief. *See Seminole Tribe*, 517 U.S. at 58 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Further, because the Bureau of Health Care Services is an entity within the MDOC, it too is entitled to Eleventh Amendment immunity. *See Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (Parole Board, as entity within the MDOC, is entitled to Eleventh Amendment immunity); *see also*, *Lee v. Michigan*

*Parole Board*, 104 Fed. Appx. 490, 492 (6th Cir. 2004) (Parole Board and Bureau of Forensic Mental Health Services entitled to immunity).  Because these defendants are immune from suit, plaintiff's complaint fails to state a claim against them, and they are entitled to dismissal with prejudice on the merits under § 1997(c)(2).

        3.      *Defendants Greene and Murphy*

Likewise, defendants Greene and Murphy are entitled to dismissal on the merits because plaintiff has failed to state a claim upon which relief may be granted against them.  Plaintiff does not even mention these defendants in his complaint, much less allege that they actually did anything in relation to his medical treatment.  In short, "the complaint fails to allege anything that can even remotely be considered a legal claim against these defendants." *Doe v. Division of Youth & Family Servs.*, 148 F. Supp. 2d 462, 481 (D.N.J. 2001).  Accordingly, the defendants are entitled to dismissal with prejudice on the merits of plaintiff's claims.  *See id.*; *Owens v. Coughlin*, 561 F. Supp. 426, 428 (S.D.N.Y. 1983) (defendants entitled to dismissal on plaintiff's Eighth Amendment claims where "plaintiff has failed to allege any acts which defendants personally engaged in which were related to the alleged unlawful conduct.").

E.     *Conclusion*

In view of the foregoing, the Court should: (1) grant the motions to dismiss of defendant Antonini and Austin (docket #15 & #20), and dismiss plaintiff's claims against these defendants pursuant to § 1997e(a), without prejudice to plaintiff refiling the claims after he has exhausted his administrative remedies; (2) grant defendants MDOC, Bureau of Health Care Services, and Greene's motion to dismiss (docket #25) and dismiss plaintiff's claims against these defendants with prejudice pursuant to Rule 12(b)(6) and § 1997e(c)(2); and (3) grant defendant Murphy's motion to dismiss

(docket #30) and dismiss plaintiff's claims against her with prejudice pursuant to Rule 12(b)(6) and § 1997e(c)(2).

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE

12

Dated: 2/10/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 9, 2006.
>
> s/Eddrey Butts
> Case Manager